In the Matter of the Claim of HENRIETTA TEICHERT, Respondent, v. LINDEN HILL CEMETERY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This appeal from an award for death benefits is grounded on the failure of proof that the accident arose out of and in the course of employment and that the presumption contained in section 21 of the Workmen's Compensation Law was not available to claimant. The decedent was the foreman of a group of gravediggers and maintenance men working in the cemetery of the employer. They commenced work at 8 o'clock in the morning and the crew worked together until noon, when decedent left for lunch, returning at about 1:00 P.M. He continued working with some members of the crew until about 3:45 P.M. when he was left alone at the bottom of a 10-foot grave, smoothing out the concrete foundation. Shortly after 4:00 P.M., he was found on his knees with his forehead and the toes of his shoes pressed into the concrete. He was conscious at the time and told the superintendent that he "felt tired". Within a few minutes he died. An autopsy was performed which disclosed a fracture of the tenth rib, an alcoholic content of .03% plus. It was determined death was caused by a ruptured spleen. It was admitted by the appellants that the injury to the spleen was traumatic, caused by impact to the abdomen of the decedent. The doctor for the claimant stated: "This man was either struck there or a blunt force was applied there sufficient to cause hemorrhage, ecchymosis, fracture of the rib and a tearing series of lacerations of the underlying spleen. This is exactly what occurred." At the hearing, all of the members of the crew testified that they had worked with the decedent at all times, except lunch, until about one hour before he was found; that they did not see decedent strike or come in contact with any object; nor did he complain of any pain or discomfort. In sum, they gave no evidence as to what caused the decedent's injury. The medical testimony was in accord that the ruptured spleen was traumatic in nature and that the occurrence could have taken place as long as several hours before discovery. There was medical testimony that a person could not work long with such an injury but the doctor for the carrier gave the opinion that considering the alcoholic content found on the autopsy, the decedent might have been able to work for some time after receiving the initial injury. It was not disputed that the decedent was found on his employer's property, working in his employment, and that he suffered a traumatic injury which resulted in his death. The board found "that it may be reasonably inferred from the facts and circumstances herein coupled with the presumption under Section 21 that decedent sustained an accidental injury in the nature of a laceration of the spleen and fractured 10th rib arising out of and in the course of his employment, and that such accidental injury resulted in death.". The employer, on this appeal, contends that there is a complete lack of evidence of any employment connected accident or trauma and that the presumption cannot be used as a substitute for essential proof. The employer, in reliance upon its contention, cites *Matter of McCormack* v. *National City Bank* (303 N. Y. 5); *Matter of Loverich* v. *Colorado Fuel & Iron Corp.* (4 A D 2d 725) and *Matter of Dillon* v. *Le Roy Mach. Co.* (7 A D 2d 767) but the court was concerned in these cases with the sufficiency of medical testimony and the necessary causal relationship. In *Matter of McCormack (supra)* the court stated (pp. 10-11): "Compensation awards have, it is true, been upheld times without number on the strength of that presumption in cases where

there have been obvious signs of violent injury, causing disability, to furnish basis for a finding that the accident, which no one had witnessed or observed, arose 'out of and in the course of' employment." It appears to us that the present facts give rise to the use of the presumption under subdivision 1 of section 21 that the "claim comes within the province of the chapter", and that being so, the presumption remains until there is substantial evidence to the contrary. Here, there has been no such substantial evidence offered by the appellants to demonstrate that the traumatic injury was occasioned under circumstances and conditions without the purview of the Workmen's Compensation Law. The appellants have failed to sustain the burden of proof and the presumption remains in favor of the claimant. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.